

# Missouri Court of Appeals

## Southern District

### Division One

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | |
| | ) | |
| vs. | ) | No. SD32780 |
| | ) | |
| DAVID K. LAMPKINS, | ) | FILED: May 20, 2014 |
| | ) | |
| Appellant. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF CAMDEN COUNTY

Honorable Kenneth M. Hayden, Judge

**<u>AFFIRMED</u>**

A jury found David Lampkins guilty of six counts of statutory sodomy. On appeal, he asserts that his statements to police should not have been admitted "in that [he] inquired about an attorney on two separate occasions, but Detective Stephens continued the interrogation ...." We affirm.

### Background

Lampkins was interviewed while being held on an unrelated warrant. He was read and signed a written waiver of his *Miranda* rights without question or request

for counsel. Some two hours later, he was confronted with details of the victims' disclosures and the following exchange occurred:

> [Lampkins]: Okay, at this point, what am I better off to do, am I better off just to keep talking to you, or do I need to get an attorney? I'm just asking you off the record because I honestly don't know at this point.
>
> [Detective]: Ultimately, that's your decision to make, OK? The decision on invoking your right to an attorney is a big decision to make. I stand by what I've been saying from the get go, which is, you need to take the opportunity to explain your position on this.
>
> [Lampkins]: Right, and I feel comfortable doing that here with you. I'm asking you, personally, off the record or whatever you want to call it, if that's what I need?
>
> [Detective]: I can't give you advice on that. All I can do is tell you what your rights are. And I think that you're doing the right thing right now by explaining yourself, by explaining what's going on. I think that by clamming up and just saying, you know, "I don't want to talk about it, where nothing happened –"
>
> [Lampkins]: Well, that's not what I'm trying to do.
>
> [Detective]: I'm trying to explain what advice I can give you. I think that by doing that, you put yourself into a position where everybody just believes what the girls say. You know you're the only person that can say that they're not telling the whole truth. So if you do that, then you put yourself in that position.
>
> [Lampkins]: Right.
>
> [Detective]: It's a big decision to make, you know, it's a big thing to think about. But, again, talk for as long as you're comfortable, and when you're not comfortable anymore, you still have the right to tell me that [you] don't want to talk.

Minutes later, this exchange occurred:

> [Lampkins]: But my question is, okay, I'm gonna tell you what you what happened –
>
> [Detective]: Okay –

[Lampkins]: My question was — do I need an attorney to tell you this before I tell you this? That's my concern right now.

[Detective]: Okay.

[Lampkins]: I'm going to be honest with you.

[Detective]: You don't have to have an attorney to tell me anything –

[Lampkins]: That's not gonna screw me?

[Detective]: It's not — you don't have to have an attorney to tell me anything. You have the right to have an attorney before you tell me anything. And that's rights that have been given to you by people that fought for your freedom long before either one of us was alive.

[Lampkins]: Right.

[Detective]: What's important now is telling me the truth. That's all. That's what's important is being honest with me and telling me the truth.

[Lampkins]: Right.

[Detective]: And you're at an excellent point –

[Lampkins]: That's not a problem.

[Detective]: You're at an excellent point right now to do that. And for me to be able to walk out of this room and tell everybody, "You know what? This guy's honest. He's being honest with me. He's telling me the truth. He's admitted to things that have happened but they certainly didn't happen this way." And that's where we are right now. That's the exact moment that we're sitting in right now. And it's that moment that you have to make that decision whether or not you let it stand on what the girls were saying, or whether you want to tell the truth about what really happened.

[Lampkins]: Okay, let's do one thing at a time then. What's the first issue you want me to talk about?

Incriminating statements made thereafter were admitted at trial over Lampkins' objection.

## Applicable Law and Analysis

"Without a clear assertion of the right to counsel, police officers may continue questioning." *State v. Shifkowski*, 57 S.W.3d 309, 317 (Mo.App. 2001) (citing *Davis v. U.S.*, 512 U.S. 452, 460 (1994)). "'[A] statement either is such an assertion of the right to counsel or it is not.'" *Davis*, 512 U.S. at 459 (quoting *Smith v. Illinois*, 469 U.S. 91, 97-98 (1984)). Police are not forced to cease questioning "when the suspect *might* want a lawyer. Unless the suspect actually requests an attorney, questioning may continue." *Id*. at 462. If the suspect's statement is ambiguous or equivocal, "officers have no obligation to stop questioning him." *Id*.

Lampkins' statements did not differ materially from those in cases where continued questioning was upheld. *See Davis*, 512 U.S. at 462 ("Maybe I should talk to a lawyer" was not a request for counsel); *State v. Bucklew*, 973 S.W.2d 83, 90-91 (Mo. banc 1998) ("Well do you think I should have an attorney present?" and "How fast could you get an attorney here?" were ambiguous, equivocal, and did not invoke right to counsel); *State v. Mateo*, 335 S.W.3d 529, 535-36 (Mo.App. 2011) (same result where suspect had asked "if there was an attorney there for him," or if an attorney was "available" to him, and "Do I need an attorney?"); *Shifkowski*, 57 S.W.3d at 316-18 (same result where suspect remarked that he was "thinking about talking to a lawyer"); *State v. Jones*, 914 S.W.2d 852, 860-61 (Mo.App. 1996) (same result where suspect asked "Do I need an attorney?").

4

## Conclusion

We deny the point and affirm the convictions.

DANIEL E. SCOTT, J. – OPINION AUTHOR

NANCY STEFFEN RAHMEYER, P.J. –  CONCURS

WILLIAM W. FRANCIS, JR., C.J. –  CONCURS